UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES of AMERICA ) 13-30273
)
)
Plaintiffs, )
)
Vs. ) East St. Louis, Illinois
) December 19, 2013
DAVID M. THOMPSON, )
)
Defendants, )

TRANSCRIPT OF CHANGE OF PLEA,
BEFORE THE HONORABLE MICHAEL J. REAGAN,
UNITED STATES DISTRICT JUDGE.

APPEARANCES:

For the Plaintiffs: Assistant U.S. Attorney
By: Monica Stump
Nine Executive Drive
Fairview Heights, IL

For the Defendants: Vogt & Howard
By: Eugene Howard
906 Olive
St. Louis, Missouri 63101

Court Reporter: Barbara Kniepmann
750 Missouri Avenue
East St. Louis, IL 62202

Proceedings recorded by mechanical stenography, transcript produced by computer.

(Whereupon the following proceedings were held in open Court.)

THE COURT: Okay, this is United States of America against David Michael Thompson, case 13-CR-30273. And in this case under Rule 20, a case styled United States of America against David Michael Thompson in the United States District Court for the Southern District of Ohio, Western Division, case 13-CR-3008, has been transferred to this Court by agreement.

My understanding is that that particular case has four counts in it. Count 1 is production of child pornography, Count 2, production of child pornography, Count 3 is coercion and enticement and Count 4 is travel to engage in illicit sexual conduct.

Before me is Mr. Thompson with his counsel, Mr. Howard, and Miss Stump is here for the United States.

My understanding is that Mr. Thompson will be arraigned as to Counts 1 through 4. I understand he is going to waive arraignment.

There is a plea agreement as to Count 4, which includes dismissal of Counts 1 through 3 at sentencing. So having said that, Mr. Howard, would you like me to arraign your client as to 1 through 4? I am going to refer to it as the Ohio case for purposes of clarification.

MR. HOWARD: We would waive arraignment on the counts

of the Indictment and ask the Court to allow us to proceed to plead guilty to Count 4, the travel charge, in accordance with the plea agreement that has been tendered to the Court.

THE COURT: Mr. Thompson, come forward with your lawyer. Okay, so you were in front of me in the past in the Illinois case. We're going to do about the same thing today we did in that case with a few quirks because this plea agreement is different than what we talked about in the past. Raise your right hand and take an oath.

DAVID MICHAEL THOMPSON, DEFENDANT, SWORN

EXAMINATION

Questions by The Court:

Q. What is your full name?

A. David Michael Thompson.

Q. How old are you?

A. 26.

Q. Do you read, write, speak and understand the English language?

A. Yes, sir.

Q. How far did you go in school?

A. I got my GED.

Q. Are you currently under the influence of medicine, drugs or alcohol?

A. No, sir.

Q. Have you been treated for any addiction to medicine,

drugs or alcohol in the past 90 days?

A. No, sir.

Q. Do you have any mental disorders, defects or problems?

A. No, sir.

Q. Have you been treated for any mental issues in the past 90 days?

A. No, sir.

Q. Do you take any medicines at all?

A. No, sir.

Q. Do you have any physical problems that affect your ability to think clearly?

A. No, sir.

Q. As you stand before me, are you thinking clearly?

A. Yes, Your Honor.

Q. You are under oath, so you must answer my questions truthfully today. If you don't, you could be charged with the additional offenses of perjury, making a false statement or obstructing justice, or I might elect not to accept your plea agreement because of that, so just make sure you are completely honest, candid and forthright with me. If you have any questions, you want me to explain something, rephrase it, let me know and I'll be happy to do that. If you want to stop and speak to Mr. Howard confidentially, take a recess, we can do that too.

All right, so your case is in a unique posture. We

had the Illinois case. I took the plea on that. That is set for sentencing on the 31st of January. This Ohio case is a separate case, but we're going to do the sentencing at the same time. Might not be able to do it the 31st if we can't get the timing down, but I want to sentence you as soon as I can so you can get in the Federal system and out of the State Court jails. I understand the conditions aren't desirable.

So let's first start -- I am going to refer today to the case solely as the Ohio case. You were indicted there on January 16th of 2013 with the four count Indictment. The one I want to discuss with you today is Count 4 because you are going to plead guilty to that one. That is how you understand it?

A. Uh huh.

Q. Counts 1 through 3 of that will be dismissed at sentencing. As part of that plea, there is a separate plea agreement that I am going to discuss with you. So first of all, have you gone over the Indictment in detail with your attorney, Mr. Howard?

A. Yes, Your Honor.

Q. Do you understand what you are charged with?

A. Yes, Your Honor.

Q. Are you fully satisfied with the counsel, representation and advice that he has given you in your case?

A. Yes, Your Honor.

Q. Is there anything he refused to do or has been unwilling or unable to do with respect to defending you?
A. No, Your Honor.
Q. Are you pleading to Count 4 in the Indictment because you are, in fact, guilty as charged?
A. Yes, Your Honor.
Q. That particular count, which I am going to refer to as travel with intent to engage in elicit sexual conduct in violation of 18, United States Code, Section 2423(b), has a potential term of imprisonment of up to 30 years incarceration, fine of up to $250,000 and supervised release term of not less than five years and all the way up until life. Additionally, there is a mandatory $100 special assessment. You understand that is the potential sentence in that particular count in this particular case?
A. Yes, Your Honor.
Q. Has anyone used any threats, duress, coercion, force, undue influence or made any promises, assurances or guarantees of any kind, number one, to get you to plead guilty to Count 4 of the Ohio Indictment in this case?
A. No, Your Honor.
Q. Are you pleading guilty to that count because you are, in fact, guilty as charged and the Government can prove Count 4 against you beyond a reasonable doubt?
A. Yes, Your Honor.

THE COURT: Is there a Stipulation of Facts in this case?

MR. HOWARD: Yes, there is. It is the last page, attached to the last page of the plea agreement.

THE COURT: I don't have it. I have a six page plea agreement. Is there another document?

MS. STUMP: It is Document 1-3, Your Honor, in our case and Document 7 from the Southern District of Ohio. I have a copy.

THE COURT: Okay.

Questions By The Court:

Q. Secondly, I have in my hand a document entitled Statement of Fact that was signed October 16th of 2013. Is this your signature on this Statement of Fact?

A. Yes, Your Honor.

Q. Before you signed it, did you go over it with your attorney in Ohio at that time?

A. I went over it with Mr. Howard.

THE COURT: So you were involved in that too, Gene?

MR. HOWARD: Yes.

Q. Is everything in the Statement of Fact true, correct and accurate?

A. Yes, Your Honor.

Q. Do you agree the Government can prove everything against you in this document beyond a reasonable doubt?

A. Yes, Your Honor.

Q. Did anyone use pressure, force, duress, undue influence or make any promises, assurances or guarantees of any kind to get you to sign and agree to the Statement of Fact?

A. No, Your Honor.

Q. I want to talk to you now about the plea agreement you have in the Ohio case. I have it in my hand. It is at Document 1-2 in our filing system here filed November 25th of 2013 and it looks like it was document number 6 filed November 20th of 2013 in the Ohio District Court. Is this your signature on page six of this document?

A. Yes, Your Honor.

Q. Now Mr. Howard, you are not on this, but somebody else is.

MR. HOWARD: Actually, although both I and Richard Smith Monahan, the Federal Defender assigned to his case, went over it with him at length. Since it is filed in Ohio and I am not licensed to practice there, I certainly didn't sign off on it there.

THE COURT: You were part of the negotiation on it?

MR. HOWARD: His other attorney really negotiated most of it. I just went back through things where I saw inconsistencies in the Statement of Fact. Mr. Smith Monahan actually negotiated most of that.

THE COURT: On page six of the guilty plea and

waivers, this does have your signature, correct?

MR. HOWARD: Yes, Your Honor.

Questions By The Court:

Q. Before you signed it, did you go over it in detail with your then Federal Defender, Richard Smith Monahan?

A. Yes, sir.

Q. Any questions you would like to ask me about it?

A. No, Your Honor.

Q. Although the entire document is important, there are a couple of things I want to go over with you. First of all, I was not party to this, so I am not bound by it. You understand that?

A. Yes.

Q. This is, however, a unique plea agreement because I ultimately could be bound by it. It is what we call 11(c)(1)(C) agreement. I am going to go over that with you. What you are presenting me with, and by you I mean both you and the Government, is an agreement which if I agree to accept I am bound to sentence you to a certain sentence. I can't go a day above it or a day below it.

The agreement here, which is on page two, and it is under Federal Rule of Criminal Procedure 11(c)(1)(C), is that I sentence you to a term of imprisonment of 180 months?

A. Uh huh.

Q. Equally important is that this sentence of 180 months

will run concurrently with the Illinois case sentence, which is in my case 12-CR-30316. That is terribly important to you because if I would run them consecutive, you might be doing 30 years, 45 years, or life. In the Illinois case what were the -- frankly, I haven't looked at it. What is the penalty range in that, or have you just -- is there a recommendation in that?

MS. STUMP: Your Honor, Mr. Thompson pled open in that case. It is a transportation of child pornography and I don't have the limits, no more than --

MR. HOWARD: No more than 20 years, $250,000 fine and I believe period of up to at least --

MS. STUMP: It would be three to life if it is no more than 20.

THE COURT: Okay.

Questions By The Court:

Q. So worst case scenario, and if I were standing where you are, I always want to know best case and worst case. Worst case is 20 years in the Illinois case and 15 in the Ohio case, but you really only do 20 because every day you do in the Illinois case you get credit in the Ohio case. At the end of 15 years, you completed the Ohio time and you start doing the five extra years on Illinois.

I haven't seen the PSR. I have no idea what I am going to sentence you to. I am taking the worst case

scenario, which would be the 20 years.

Supervised release is always concurrent, so you are looking at a minimum of five or maximum of life. That doesn't get doubled because there are two cases. So what is going to happen then is after we get the presentence report in your case and we get to sentencing, I'll review it and determine whether or not I am going to accept this agreement. If I decide not to accept it, then what happens is you get to withdraw your guilty plea, no questions asked. Then it gets shipped back to Ohio.

I can tell you the chance of me not accepting this are slim, but I have to leave myself an out. I might not accept it. There might be something in your criminal history or something about you that I don't know that just would not allow me to accept this. Okay, that would be extraordinary.

If I don't accept the plea agreement, then as I indicated, you have a right to withdraw your plea in this case, what I am calling the Ohio case, and then you would be looking at a maximum of 20 years in the Illinois case as you are now, but in Ohio you could be looking at a minimum of 30 years. Is that right? That is what the plea agreement says.

MS. STUMP: If the case were to return to Ohio, Your Honor, Count 1 and Count 2 would hold no less than 15, no more than 30 years each, and the timing on those, whether they run

concurrent or consecutive, I am not sure if there is a mandatory provision for that because of the two production charges, but at a minimum they would -- it is 15 to 30 on each count.

THE COURT: Okay, but as to Count 4, according to the Ohio plea agreement, it says it carries a term of imprisonment of not less -- it says not less than up to 30 years. So it is 0 to 30?

MR. HOWARD: Yes, it is 0 to 30 and I apologize, Your Honor, but they signed this.

THE COURT: The point is there is not a mandatory minimum in Ohio but he could get up to --

MS. STUMP: 0 to 30, Your Honor.

Questions By The Court:

Q. So worst case scenario, you could get 20 years in Illinois and another 30 on top of that in Ohio for a total of 50.

Additionally, the fines could add up. The fine in Illinois could be up to $250,000 and the fine in Ohio could be up to another $250,000 for a total of $500,000?

Additionally, as part of this agreement, you're agreeing to forfeit all right, title and interest in the items listed on page four under subparagraph A, E, G, which is the Sony laptop computer with serial number ending in 164, the Apple I phone model A 1387 and all pornographic material,

whether depicting adults, minors or both, along with all photographs, etcetera, other than photographs of clothed minor members of your family. You understand that?

A. Yes, Your Honor.

Q. Additionally, as I told you in the Illinois case, you are going to have to register under the Sex Offender Registration and Notification Act for the rest of your life. You might have to register federally, in the state, in the county and in the city. You might have to register four different times and keep the registrations current. Do you understand that?

A. Yes, Your Honor.

THE COURT: There was something else in here I thought was unusual. Isn't he making some kind of admission that could be used against him in State Court?

MS. STUMP: Yes, Your Honor, their plea agreements are different from ours. I believe it is on page 3.

MR. HOWARD: It is paragraph 2. Are you talking about on page 1 and 2?

MS. STUMP: Yes, Your Honor. On paragraph 2, by admitting the facts he is stipulating, admitting, that if the case were to proceed to trial the United States would be able to prove each element of the offense beyond a reasonable doubt, which is a unique term out of the Southern District of Ohio.

THE COURT: Okay. Looking at paragraph two of the plea agreement it reads as follows: The defendant understands that by signing this plea agreement he waives any protection afforded to him by Section 1(b)(A) of the Federal Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 10 of the Federal Rules of Evidence and any statement, written or oral, will be admissible against him without limitation in criminal or civil proceeding. Defendant admits he is, in fact, guilty and the Statement of Facts part of his record is true and correct.

By admitting the facts the defendant stipulates and admits had the case proceeded to trial, the United States would have been able to prove each element of the offense beyond a reasonable doubt.

Here is what it means. We don't use that language here in Illinois. If I decide not to accept the plea agreement and ship it back to Ohio for trial, the Government will be able to read this to the jury and read to the jury the fact that you admit if the case proceeded to trial the Government can prove each element of the offense beyond a reasonable doubt and they are going to be able to show the Stipulation of Facts to the jury as an admission against you and read that you admitted that you're, in fact, guilty of that Statement of Facts, which is part of the record. Do you understand that?

A. Yes, Your Honor.

Q. So the bottom line is, if I ship this case back to Ohio, I think your chances of winning there are like zero. I guess not zero, lightning can always strike, but this is also an additional reason why I am unlikely to not accept the plea agreement, but no promises.

Do you have any questions at all about the plea agreement you want to ask me?

A. No, Your Honor. We have been over it extensively.

THE COURT: Okay. Any further colloquy regarding the plea agreement, Miss Stump?

MS. STUMP: No, Your Honor. Just to be clear, I verified with the statute on the Illinois case, our charges are up to 20 years, but it begins with no less than five years. It is not 0 to 20. It is no less than five, no more than 20 sentence in our Illinois case.

A. I remember.

THE COURT: You just said you remember that. Good. Obviously, you understand the case.

Frankly, I am glad you continued the case a couple of times so you can understand this. This isn't the run of the mill garden variety felon in possession of a gun we deal with.

I want to talk to you now about the rights you are giving up. If I accept this plea agreement, which would be at sentencing, and here is how I handle it. As we get real close

to sentencing, if you don't hear from me, you can assume I am going to accept it. I don't want you showing up on sentencing day with family and victims maybe and preparing for it and I say, sorry, I am not going to accept it. So no news is good news.

So these are the rights you have to waive or give up if I accept the guilty plea as to Count 4. First, you have a right to plead guilty or not guilty as to Count 4 and persist in whichever course you choose. You have a right to an open, public, speedy trial by jury, at which time you can testify if you wanted to. At trial, the Government would have to prove your guilt beyond a reasonable doubt as to everything required of it and you wouldn't have to prove or disprove anything. If they failed to prove anything required of them, you would be found not guilty. They have to make their proof beyond a reasonable doubt.

If you cannot afford an attorney to handle the case, I would appoint one to represent you at no charge throughout all of the proceedings of the case that has occurred so far in this case. Along with your attorney, you could confront the witnesses called to testify against you, that is you could see them testify here in open Court and cross examine them in your defense.

You could also, through Mr. Howard, use the subpoena power of the Court to compel the production of documents,

films, anything tangible to assist in your defense. And again, to have people testify live for you here in Court.

You wouldn't have to testify at trial if you didn't want to, but again, you could if you wanted to. If you chose not to testify or put on any evidence or enter any exhibits, the jury could not consider that in any way in arriving at their verdict in your case. In fact, I would instruct them that they couldn't even discuss the fact that you didn't testify in the jury room if that would be the course that you chose.

You are also waiving your Fourth Amendment rights by pleading guilty here such as the right to challenge any illegal search, seizure, lineup or statement that may have occurred in your case.

You, again, will be a convicted felon. I know we went over this with you last time. That is an adverse status or consequence that follows you forever. It adversely affects your right to vote, hold public office, to work in the health care field, to serve as a juror. You can't work for a federally insured institution or as a contractor in a federally owned building as a convicted felon.

As I recall, you are a United States citizen, correct?

A. Yes, Your Honor.

Q. Also importantly, you can never, ever, own, possess,

control or touch a weapon, ammunition or destructive device as a convicted felon.

You understand all of those rights and that you are waiving them or giving them up by pleading guilty here today?

A. Yes, Your Honor.

Q. Do you have any questions you want to ask me at all?

A. No, Your Honor.

Q. In this case the Government has to prove three things against you -- two things against you beyond a reasonable doubt to sustain their proof that you violated, in Count 4, 18, United States Code, Section 2423(b). First, they have to prove that you traveled in interstate commerce. Second, your purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a minor. For purposes of this case, illicit sexual conduct is defined as including a sexual act with a person under the age of 18 years. Do you agree the Government can prove those two things against you beyond a reasonable doubt?

A. Yes, Your Honor.

Q. Any questions at all?

A. No, Your Honor.

THE COURT: Any further colloquy requested?

MS. STUMP: No, Your Honor. Thank you.

MR. HOWARD: No, Your Honor.

THE COURT: Okay. Mr. Thompson, with respect to

Count 4 of the Ohio Indictment charging you with intent to engage in illicit sexual conduct in violation of 18, United States Code, 2324(b), do you plead guilty or not guilty?

MR. THOMPSON: Guilty, Your Honor.

THE COURT: It is the finding of the Court in the case United States of America against David Michael Thompson -- Is this our number?

COURTROOM CLERK: The 13 is our number.

THE COURT: -- 13-CR-30273, that Mr. Thompson is fully competent and capable of entering an informed plea where the Court enjoys subject matter jurisdiction and venue is appropriate in the Southern District of Illinois by way of Rule 20, the Federal Rules of Criminal Procedure.

He is fully competent and capable of entering the informed plea because he understands the nature of the charges against him, he is aware of the consequences of the plea, it is both knowing and voluntary, not the product of force, duress, coercion, undue influence or inappropriate promises. It is supported by an independent basis in fact, that is the document entitled Statement of Fact that contains each of the essential elements of the offense.

The plea is accepted in the Ohio case provisionally since it is 11(c)(1)(C), and I will make the final determination at sentencing which will occur Friday, January 31st of 2014 at 9:00 a.m. unless we continue it.

We're hopeful all of the work can be done in time to get to this in January. If Mr. Howard doesn't have time to go over it with you, he'll ask for a continuance. I'll move it as soon as I can to get you into federal custody now and out of the state Court system. Any questions at all?

MR. THOMPSON: No, Your Honor.

THE COURT: Mr. Howard?

MR. HOWARD: Nothing further.

MS. STUMP: Nothing further, Your Honor.

THE COURT: Has he already done the --

MR. HOWARD: He has already conducted the Presentence Investigation Report interview. Unless Miss Spencer has additional questions, I don't see a need for another one.

THE COURT: I kind of doubt it. It is the same operative facts.

MS. STUMP: Yes, Your Honor.

THE COURT: If they do want to talk to you again, tell them the truth. If you lie to them, you lie to me. Again, you will have a right to object to the Presentence Report through your attorney. If they refuse to make the changes, I'll order the changes to be made.

Court is in recess.

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

SS/Barbara Kniepmann July 8, 2015